LIBERTY MUTUAL INSURANCE COMPANY v INSURANCE
COMPANY OF NORTH AMERICA

Docket No. 56629. Submitted February 2, 1982, at Grand Rapids.—
Decided June 10, 1982. Leave to appeal applied for.

A truck owned by Harco Leasing Company and leased to the Agri-Chemical Division of the United States Steel Corporation was damaged as a result of a fire at Capital City International Truck, Inc., where the truck was being repaired. Insurance Company of North America was the no-fault insurance carrier for the truck at the time of the fire. Liberty Mutual Insurance Company was the insurer of the premises of Capital City. Liberty Mutual and Capital City brought suit in Kent Circuit Court against INA, Harco, United States Steel Corporation, and United States Steel, Agri-Chemical Division. Liberty Mutual sought recovery for the amounts it had paid and any amounts it may have to pay in the future to Capital City due to the fire, and Capital City sought recovery for its losses that were not covered under its insurance policy with Liberty Mutual. Harco Leasing was subsequently dismissed from the suit. The court, George R. Cook, J., granted the defendants summary judgment because the garage keepers' liability act was controlling rather than the no-fault automobile insurance act. The plaintiffs appeal. *Held:*

Because the plaintiffs pleaded a fact situation that established a causal connection between the damage and the maintenance of the automobile, the no-fault automobile insurance act should have controlled. When the Legislature enacted a no-fault automobile insurance system, the presumption of fault established by the garage keepers' liability act became meaningless in circumstances where the damage was covered by the no-fault automobile insurance act. Summary judgment was improperly granted to the defendants.

Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobile Insurance § 349.

[2] 38 Am Jur 2d, Garages, and Parking and Filling Stations § 66.
Liability of garageman, service or repair station, or filling station operator for destruction or damage of motor vehicle by fire. 16 ALR2d 799.

R. B. Burns, J., dissented. He would affirm the granting of summary judgment because the garage keepers' liability act rather than the no-fault automobile insurance act should be controlling.

Opinion of the Court

1. Automobiles — Maintenance of Motor Vehicle — Garage Keepers' Liability Act.

   The garage keepers' liability act should not be used to defeat the causal connection between the maintenance of a motor vehicle and damage which clearly arises out of that maintenance; where such a causal connection exists, the no-fault automobile insurance act is controlling (MCL 256.541 *et seq.*, 500.312[1]; MSA 9.1721 *et seq.*, 24.1312[1]).

Dissent by R. B. Burns, J.

2. Automobiles — Insurance — No-Fault Insurance — Bailments — Garage Keepers' Liability Act.

   Liability for damages to a motor vehicle damaged by a fire while such vehicle is in the possession of a garage keeper for the purpose of repairs should be governed by the garage keepers' liability act rather than by the no-fault insurance act, there being no indication that the Legislature intended to alter the law of bailment for hire by the enactment of the no-fault insurance act (MCL 256.541 *et seq.*, 500.3101 *et seq.*; MSA 9.1721 *et seq.*, 24.13101 *et seq.*).

*Smith, Haughey, Rice & Roegge* (by *Lance R. Mather*), for plaintiff.

*Cholette, Perkins & Buchanan* (by *Robert J. Riley*), for defendant.

Before: Allen, P.J., and R. B. Burns and J. H. Gillis, JJ.

Per Curiam. Plaintiffs Liberty Mutual Insurance Company and Capital City International Truck, Inc., appeal as of right from a Kent County Circuit Court order dated February 27, 1981, granting defendants' motion for summary judgment, GCR 1963, 117.2(1).

On April 6, 1979, a fire occurred at Capital City International Truck in Lansing when gasoline splashed onto the trouble light of a mechanic who was working underneath a truck. The truck was owned by Harco Leasing Company and had been leased to the Agri-Chemical Division of the United States Steel Corporation. Insurance Company of North America (INA) was the no-fault insurance carrier for the truck at the time of the fire.

The fire damaged property owned by Capital City as well as motor vehicles that had been left on the premises for repair. Liberty Mutual, Capital City's insurer, paid $46,650 for damage to the building and premises of Capital City, $151,241 for damage to the property of Capital City's customers and $300 for damage to vending machines on Capital City's premises. Capital City also suffered losses that were not covered by insurance.

On March 27, 1980, Liberty Mutual and Capital City sued INA. Liberty Mutual sought recovery for the amounts it had paid to Capital City and for any amounts it might pay in the future to Capital City due to the fire. Capital City sought recovery for its losses that were not covered under its insurance policy with Liberty Mutual. On or about August 4, 1980, Liberty Mutual and Capital City filed an amended complaint, adding Harco Leasing Company, United States Steel Corporation, and United States Steel Agri-Chemical Division as defendants. The amended complaint alleged that one or more of these defendants was the owner or lessee of the truck and that one or more of them was a self-insurer under the no-fault automobile insurance act. The amended complaint further alleged that these three defendants had fraudulently concealed the facts concerning their ownership interests in the truck.

On January 8, 1981, defendant INA, in response to a request for admissions, admitted that it was the no-fault insurance carrier for the truck at the time of the fire. Plaintiffs then voluntarily dismissed Harco Leasing Company, the owner of the truck, from the lawsuit.

On January 8, 1981, defendants INA, United States Steel Corporation and United States Steel Agri-Chemical Division moved for summary judgment, GCR 1963, 117.2(1). Relying on *Liberty Mutual Ins Co v Allied Truck Equipment Co,* 103 Mich App 33; 302 NW2d 588 (1981), defendants contended that the garage keepers' liability act, MCL 256.541 *et seq.;* MSA 9.1721 *et seq.,* was controlling rather than the no-fault automobile insurance act, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.* The trial court granted the motion.

A split of authority exists in this Court on the question of whether the garage keepers' liability act or the no-fault insurance act controls when a fire occurs in the course of a garage keeper's work on a vehicle insured under the no-fault insurance act on which maintenance is being performed. Compare *Liberty Mutual Ins Co v Allied Truck Equipment Co, supra* (holding that the garage keepers' liability act controls), with *Buckeye Union Ins Co v Johnson,* 108 Mich App 46; 310 NW2d 268 (1981) (holding that the no-fault automobile insurance act controls).

We find the *Buckeye Union* case to be the more persuasive case. When the Legislature enacted a no-fault automobile insurance system, the presumption of fault established by the garage keepers' liability act became meaningless in circumstances where the damage was covered by the no-fault automobile insurance act. The no-fault act

provides coverage for "accidental damage to tangible property arising out of the * * * maintenance * * * of a motor vehicle as a motor vehicle." MCL 500.3121(1); MSA 24.13121(1). Because the plaintiffs pleaded a fact situation that established a causal connection between the damage and the maintenance, the no-fault automobile insurance act controlled.

Summary judgment was improperly granted to defendants.

Reversed and remanded.


R. B. BURNS, J. *(dissenting).* I respectfully dissent for the reasons set forth in *Liberty Mutual Ins Co v Allied Truck Equipment Co,* 103 Mich App 33; 302 NW2d 588 (1981).