MICHIGAN MUTUAL INSURANCE COMPANY v CARSON CITY TEXACO, INC

Docket No. 60462. Submitted November 3, 1982, at Detroit.—Decided February 10, 1983. Leave to appeal applied for.

A tanker truck owned by Carson City Texaco, Inc., was delivered to Tank Truck Service Company, Inc., for repair and maintenance work. During the course of that work, gasoline was spilled on the floor and ignited by a light bulb, resulting in approximately $54,000 damage to Tank Truck's property. Michigan Mutual Insurance Company, Tank Truck's insurer, paid for the damage and filed suit against Carson City Texaco, Inc., and its insurer, State Farm Insurance Company, in Wayne Circuit Court seeking reimbursement under the no-fault automobile insurance act. The court, Michael L. Stacey, J., granted summary judgment in favor of defendants on the ground that plaintiff had failed to state a cause upon which relief could be granted. Plaintiffs' motion for rehearing was denied and it now appeals by leave granted. *Held:*

The trial court erred in granting summary judgment to defendants. The damage arose out of the maintenance work being performed on Carson City Texaco's truck. Thus, a causal connection is established under the no-fault act and that act applies, notwithstanding fault-based concepts such as those involved in the garage keepers' liability act.

Reversed and remanded for further proceedings.

V. J. BRENNAN, J., dissented. He would affirm the trial court's judgment because he believes that a garage keeper's liability should not be lessened by the existence of a no-fault insurance carrier.

OPINION OF THE COURT

1. INSURANCE — NO-FAULT INSURANCE — MAINTENANCE OF MOTOR VEHICLES — GARAGE KEEPERS' LIABILITY ACT.
   The garage keepers' liability act should not be used to defeat the

REFERENCES FOR POINTS IN HEADNOTES
[1] 7 Am Jur 2d, Automobile Insurance §§ 348, 349, 366.
[2] 7 Am Jur 2d, Automobile Insurance § 137.

causal connection between the maintenance of a motor vehicle and damage which clearly arises out of that maintenance; where such a causal connection exists, the no-fault automobile insurance act is controlling (MCL 256.541 *et seq.*, 500.3121[1]; MSA 9.1721 *et seq.*, 24.13121[1]).

DISSENT BY V. J. BRENNAN, J.

2. INSURANCE — NO-FAULT INSURANCE — BAILMENTS — GARAGE KEEPERS' LIABILITY ACT.

*Liability for damages to a motor vehicle damaged by a fire while such vehicle is in the possession of a garage keeper for the purpose of repairs should be governed by the garage keepers' liability act rather than by the no-fault insurance act (MCL 256.541 et seq., 500.3101 et seq.; MSA 9.1721 et seq., 24.13101 et seq.).*

*Coticchio, Zotter & Sullivan, P.C.* (by *Charles G. Skupin*), for plaintiff.

*Cholette, Perkins & Buchanan* (by *Robert J. Riley*), for defendant.

Before: BRONSON, P.J., and V. J. BRENNAN and J. H. GILLIS, JJ.

PER CURIAM. Plaintiff, Michigan Mutual Insurance Company, appeals by leave granted from the trial court's order granting summary judgment to defendants under GCR 1963, 117.2(1).

In April, 1976, a tanker truck owned by defendant Carson City Texaco and insured under a policy of no-fault insurance by defendant State Farm Insurance Company was delivered to plaintiff's subrogor, Tank Truck Service, Inc. (hereinafter Tank Truck), for repair and maintenance work. While an employee of Tank Truck was calibrating a fuel meter, gasoline spilled onto the floor and was ignited by a light bulb. The ensuing fire destroyed much of Tank Truck's property. Plaintiff, Tank Truck's insurer, paid approximately

$54,000 in benefits to Tank Truck. Plaintiff then brought this action claiming that it was entitled to reimbursement under the no-fault act. The trial court granted defendant's motion for summary judgment and denied plaintiff's motion for rehearing. This Court granted plaintiff's application for delayed appeal.

The question presented in this appeal is whether defendant State Farm is liable under the provisions of the no-fault insurance act for property damage caused by a fire which occurred during the course of a garage keeper's maintenance work on the insured vehicle. Plaintiff alleges that State Farm is liable under § 3121 of the no-fault act, MCL 500.3121(1); MSA 24.13121(1), which provides:

"Under property protection insurance an insurer is liable to pay benefits for accidental damage to tangible property arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle subject to the provisions of this section and sections 3123, 3125 and 3127."

Three panels of this Court have addressed the precise question presented here under factual circumstances nearly identical to those in the present case. In *Liberty Mutual Ins Co v Allied Truck Equipment Co,* 103 Mich App 33; 302 NW2d 588 (1981), a panel of this Court held that the garage keepers' liability act, MCL 256.541 *et seq.;* MSA 9.1721 *et seq.,* rather than the no-fault insurance act, controlled. On the other hand, the Court in *Buckeye Union Ins Co v Johnson,* 108 Mich App 46; 310 NW2d 268 (1981), *lv den* 414 Mich 873 (1982), and *Liberty Mutual Ins Co v Ins Co of North America,* 117 Mich App 197; 323 NW2d 650

(1982), held that the no-fault insurance act is controlling.

We agree with the reasoning set forth in *Buckeye Union, supra,* and adopted in *Liberty Mutual v Ins Co of North America, supra.* The damage in this case arose out of the maintenance work being performed on the insured's truck. Since a causal connection was established under the no-fault act, "we can only conclude that the Legislature intended the no-fault act * * * to apply notwithstanding fault-based concepts such as those involved in the garage keepers' liability act". *Buckeye Union, supra,* 54. Moreover, we note that the rationale set forth in *Buckeye Union* is consistent with the principle that the no-fault insurance act is remedial in nature and should be broadly construed to effect coverage.

The trial court erred in granting summary judgment to defendants.

Reversed and remanded for further proceedings on plaintiff's complaint consistent with this opinion.

V. J. BRENNAN, J. *(dissenting).* I respectfully dissent as I agree with the reasoning set forth in *Liberty Mutual Ins Co v Allied Truck Equipment Co,* 103 Mich App 33; 302 NW2d 588 (1981). The garage keeper's liability should not be lessened by the existence of a no-fault carrier. I would affirm the trial court's order granting summary judgment to defendants.