HENGARTNER v CHET SWANSON SALES, INC

Docket No. 63589. Submitted August 3, 1983, at Grand Rapids.—
Decided March 20, 1984.

Plaintiff, Nancy Hengartner, brought an action for damages
against Chet Swanson Sales, Inc., alleging that the defendant
failed to inspect or repair the brakes on plaintiff's automobile
when she took it to defendant's place of business for such
repairs, that defendant represented to plaintiff that it had
repaired the brakes, and that plaintiff was thereafter injured in
a collision caused by brake failure. The Grand Traverse Circuit
Court, Charles M. Forster, J., granted summary judgment to
the defendant, holding that plaintiff had failed to state a claim
upon which relief could be granted. Plaintiff appealed, alleging
that a cause of action is created by the Motor Vehicle Service
and Repair Act. *Held:*

1. The Motor Vehicle Service and Repair Act creates a cause
of action against a motor vehicle repair facility for a violation
of the act or for an unfair or deceptive method, act, or practice,
which results in damage or injury to the plaintiff.

2. The Motor Vehicle Service and Repair Act takes prece-
dence over the no-fault automobile insurance act in a case such
as this, because it was enacted subsequent to the no-fault act
and is more specific in its application.

3. The no-fault act did not abolish tort liability, under the
garage keepers' liability act, of motor vehicle repair facilities.
Such facilities are outside the no-fault system of allocating the
costs of accidents.

4. The no-fault act does not bar actions based on breach of

REFERENCES FOR POINTS IN HEADNOTES

[1] 61A Am Jur 2d, Pleading §§ 71 *et seq.,* 226, 230 *et seq.*
[2] 73 Am Jur 2d, Statutes § 145.
[3, 5] 38 Am Jur 2d, Garages, and Filling and Parking Stations §§ 53,
128.
   Liability of garageman to one ordering repair of motor vehicle, for
   defective work. 92 ALR2d 1408.
[4] 7 Am Jur 2d, Automobile Insurance § 340 *et seq.*
   73 Am Jur 2d, Statutes § 257.
[5] 7 Am Jur 2d, Automobile Insurance §§ 25, 348, 349.
[6] 17 Am Jur 2d, Contracts §§ 441, 521.

contract or breach of warranty. Plaintiff alleged a contractual relationship between herself and defendant and her allegations are sufficient to support recovery on breach of contract and warranty theories as well as in tort. Summary judgment was improper.

Reversed and remanded.

1. JUDGMENTS — SUMMARY JUDGMENT — FAILURE TO STATE CLAIM.

A motion for summary judgment for failure to state a claim upon which relief can be granted is resolved by accepting as true all well-pled factual allegations and determining whether the claims made are so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recovery (GCR 1963, 117.2[1]).

2. STATUTES — JUDICIAL CONSTRUCTION.

The primary purpose of statutory construction is to ascertain and give effect to the intention of the Legislature; in doing so, courts presume that the Legislature did not intend to do a useless thing and therefore give effect to every part of a statute if reasonably possible.

3. AUTOMOBILES — AUTOMOBILE REPAIR FACILITIES — TORTS.

A person who suffers damage or injury as a result of the actions of a motor vehicle repair facility in violating the Motor Vehicle Service and Repair Act or engaging in an unfair or deceptive method, act or practice may maintain an action, pursuant to that act, against the repair facility (MCL 257.1336, 257.1337; MSA 9.1720[37], 9.1720[37]).

4. STATUTES — AUTOMOBILE REPAIR FACILITIES — NO-FAULT ACT.

A more specific statute, enacted subsequently to a more general statute, will prevail where the two statutes are in conflict; therefore, the Motor Vehicle Service and Repair Act will prevail over the no-fault automobile insurance act where there is any conflict between the acts (MCL 257.1301 et seq., 500.3101 et seq.; MSA 9.1720[1] et seq., 24.13101 et seq.).

5. TORTS — AUTOMOBILES — NO-FAULT ACT — AUTOMOBILE REPAIR FACILITIES — CONTRACTS.

The no-fault automobile insurance act did not abolish tort liability of motor vehicle repair facilities as established by the garage keepers' liability act, nor does it bar actions based on breach of contract or breach of warranty (MCL 256.541 et seq., 500.3135; MSA 9.1721 et seq., 24.13135).

6. CONTRACTS — TORTS — NONFEASANCE — MISFEASANCE.

 Nonfeasance of a contractual obligation supports only an action on the contract; however, misfeasance of a contractual obligation or breach of a duty distinct from the contract can support an action based on both tort and contract theories.

*Robb, Dettmer & Phillips, P.C.* (by *Mark M. Messing*), for plaintiff.

*Running, Wise & Wilson* (by *Richard W. Ford*), for defendant.

Before: V. J. BRENNAN, P.J., and SHEPHERD and E. A. QUINNELL,* JJ.

E. A. QUINNELL, J. In this action, plaintiff sought to recover for injuries allegedly caused by defendant's failure to adequately repair the brakes of her automobile. The circuit court held that plaintiff had failed to state a claim upon which relief could be granted, and defendant's motion for summary judgment pursuant to GCR 1963, 117.2(1) was granted. Plaintiff appeals as of right.

A motion for summary judgment under this subrule tests the legal sufficiency of the complaint. It must be resolved by treating as true all well-pled factual allegations and determining whether the claims made are so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recovery. See, for example, *Fuhrmann v Hattaway,* 109 Mich App 429, 433; 311 NW2d 379 (1981). Plaintiff's complaint alleges that she took her automobile to defendant for inspection and repair of the brakes, that defendant in fact did not inspect or repair the brakes but represented to plaintiff that it had, that defendant expressly and implicitly represented to plaintiff that the brakes were in good operative condi-

---

 * Circuit judge, sitting on the Court of Appeals by assignment.

tion, that plaintiff was involved in a collision caused by brake failure almost immediately after leaving defendant's premises in her automobile, and that as a result of the collision plaintiff suffered various personal and property injuries.

Plaintiff relies on the Motor Vehicle Service and Repair Act, MCL 257.1301 *et seq.;* MSA 9.1720(1) *et seq.,* and in particular on MCL 257.1336; MSA 9.1720(36), which provides:

> "A facility that violates this act or who, in a course of dealing as set forth in this act or rules, engages in an unfair or deceptive method, act, or practice, is *liable as provided in this act* to a person who suffers damage or injury as a result thereof in an amount equal to the damages plus reasonable attorney fees and costs. If the damage or injury to the person occurs as the result of a wilful and flagrant violation of this act, the person shall recover double the damages plus reasonable attorney fees and costs." (Emphasis added.)

The phrase "liable as provided in this act" is troubling. The only other substantive provision in the act concerning a cause of action on the part of a private person is MCL 257.1331; MSA 9.1720(31), which provides in part:

> "A customer is entitled to recover any amount paid to an unregistered facility for the repair of a motor vehicle belonging to that customer."

Conceivably, it could be argued that § 36 does not create a cause of action itself, but merely provides for penalties for flagrant violations of the act and for costs and attorneys' fees, with recovery otherwise limited by § 31. However, such an argument fails to account for the significant differences in the language employed in the two sections. The

primary purpose of statutory construction is to ascertain and give effect to the intention of the Legislature. See, for example, *Browder v International Fidelity Ins Co,* 413 Mich 603, 611; 321 NW2d 668 (1982). Courts presume that the Legislature did not intend to do a useless thing and therefore give effect to every part of a statute if reasonably possible. *Turner v Ford Motor Co,* 81 Mich App 521, 526; 265 NW2d 400 (1978). Section 36 refers to "damage or injury" while § 31 allows recovery of any amount paid to an unregistered facility for repair of a motor vehicle, without regard to whether any damage or injury resulted from the repair. On the other hand, § 36 refers to "an unfair or deceptive method, act, or practice" while § 31 refers merely to "an unregistered facility". Moreover, § 36 refers to "any person who suffers damage or injury" while § 31 refers merely to "a customer".

Section 36 must be read as creating a cause of action separate and distinct from that created by § 31. Because of the signigicant differences in the terms employed in the two sections, a contrary result would mean that terms in the two sections would be given no effect. We conclude that "liable as provided in this act" refers to MCL 257.1337; MSA 9.1720(37), which establishes the vicarious liability of motor vehicle repair facilities for actions of certain individuals and of certain individuals for actions of facilities:

"(1) If a mechanic or mechanic trainee is employed by, or enters into a contract with, a motor vehicle repair facility, that mechanic or mechanic trainee for the purposes of a civil action brought pursuant to this act shall be considered to be an agent of the motor vehicle repair facility and the methods, acts, and practices of the mechanic or mechanic trainee shall be

construed as the methods, acts, and practices of the motor vehicle repair facility.

"(2) A person who directly or indirectly controls a motor vehicle repair facility or its employees, as well as a general partner, officer or director of the facility shall be jointly and severally liable among themselves for a violation of this act, unless that person can demonstrate that he did not know, and in the exercise of reasonable care could not have known, of the existence of the facts by reason of which the violation occurred. There is a right to contribution as in cases of contract among persons so liable."

Defendant relies on a section of the statute governing no-fault automobile insurance, MCL 500.3135; MSA 24.13135, which provides with certain exceptions for the abolition of tort liability arising from the ownership, maintenance, or use of a motor vehicle. However, where two statutes are in conflict, the more specific statute, enacted subsequently to the more general statute, will prevail. *In re Cole Estate,* 120 Mich App 539, 548; 328 NW2d 76 (1982). The statute governing no-fault automobile insurance was enacted by 1972 PA 294, while the Motor Vehicle Service and Repair Act was enacted by 1974 PA 300. The latter statute is addressed more specifically to the problem of liability arising out of unfair or deceptive methods, acts, or practices by motor vehicle repair facilities. Therefore, in the event of any conflict between the two statutes in the context presented here, the latter statute will prevail.

We note that defendant is mistaken in relying on cases holding that MCL 500.3135; MSA 24.13135 prevails over provisions of the garage keepers' liability act, MCL 256.541 *et seq.;* MSA 9.1721 *et seq. Buckeye Union Ins Co v Johnson,* 108 Mich App 46; 310 NW2d 268 (1981), *lv den* 414 Mich 873 (1982); *Liberty Mutual Ins Co v Ins Co of*

*North America,* 117 Mich App 197; 323 NW2d 650 (1982); *Michigan Mutual Ins Co v Carson City Texaco, Inc,* 123 Mich App 240; 333 NW2d 235 (1983); *Contra, Liberty Mutual Ins Co v Allied Truck Equipment Co,* 103 Mich App 33; 302 NW2d 588 (1981). The cases which held that the no-fault statute prevailed all relied on the fact that the no-fault statute was enacted subsequently to the garage keepers' liability act.

However, MCL 500.3135; MSA 24.13135 was not intended to abolish tort liability of motor vehicle repair facilities. In *Citizens Ins Co of America v Tuttle,* 411 Mich 536, 546-547; 309 NW2d 174 (1981), the Court explained an analogous problem as follows:

"[MCL 500.3135(2); MSA 24.13135(2)] abolishes tort liability arising from the ownership, maintenance or use only of vehicles for which the required no-fault insurance or other security has been obtained. The policy apparently expressed in so conditioning the abolition of tort liability upon the obtaining of no-fault coverage is that a person is to be relieved of tort liability only upon participating, through the payment of premiums, in a system for spreading the costs of compensating vehicular injuries without regard to fault. To extend the abolition of tort liability to non-motorist tortfeasors would be to incorporate into the no-fault system the costs of providing personal protection. insurance benefits to motorists, passengers and pedestrians injured by non-motorist tortfeasors without incorporating offsetting premiums from non-motorist tortfeasors, since non-motorist tortfeasors are not required to purchase no-fault insurance with respect to their conduct as non-motorists.

"Such extension would give a broader effect to § 3135's abolition of tort liability than would be given its requirement that no-fault insurance be in effect. To the extent that the abolition of tort liability is broader than the requirement of no-fault coverage, the policy of

limiting tort immunity to those who have participated in the spreading of the costs of motor vehicle accident compensation would be defeated. The non-motorist tortfeasor is the equivalent of the uninsured motorist and should be treated similarly. Both are outside the basic no-fault system of allocating the costs of accidents and both remain subject to tort liability." (Footnotes omitted.)

Because motor vehicle repair facilities are not required to maintain no-fault insurance or other security, see MCL 500.3101; MSA 24.13101, such facilities are also outside the basic no-fault system of allocating the costs of accidents and, therefore, also remain subject to tort liability.

Finally, we note that MCL 500.3135; MSA 24.13135 does not bar actions based on breach of contract or breach of warranty. *National Ben Franklin Ins Co v Bakhaus Contractors, Inc*, 124 Mich App 510; 335 NW2d 70 (1983). Nonfeasance of a contractual obligation supports only an action on the contract; misfeasance of a contractual obligation or breach of a duty distinct from a contract can support an action on both tort and contract theories. *Hart v Ludwig*, 347 Mich 559; 79 NW2d 895 (1956). Here, plaintiff's complaint alleged a contractual relationship between the parties, and the allegations in the complaint are sufficient to support recovery on contract theories as well as on tort theories.

We hold that plaintiff stated claims on which relief could be granted under MCL 257.1336; MSA 9.1720(36) and under breach of contract and breach of warranty theories. The circuit court therefore erred by granting summary judgment for defendant.

Reversed and remanded for further proceedings consistent with this opinion. We retain no jurisdiction.