HAWKEYE SECURITY INSURANCE COMPANY v STATE FARM
MUTUAL AUTOMOBILE INSURANCE COMPANY

Docket No. 72874. Submitted May 2, 1984, at Grand Rapids.—Decided
July 9, 1984.

Plaintiff, Hawkeye Security Insurance Company, was the insurer
of Rick's Service Center under a garage keeper's and premises
liability insurance policy. Defendant, State Farm Mutual Auto-
mobile Insurance Company, was the no-fault automobile insur-
ance carrier for an automobile owned by James Hill. When Hill
brought his automobile to Rick's Service Center for mainte-
nance, an explosion resulted when gasoline from the automo-
bile's fuel line came in contact with a trouble light. Rick's
Service Center suffered substantial damages, for which plaintiff
paid pursuant to its policy. Plaintiff, as subrogee of its insured,
sought to recover property protection benefits from defendant
pursuant to the automobile no-fault insurance act for the
damage to the garage. The Kent Circuit Court, Stuart Hoffius,
J., granted summary judgment in favor of defendant for failure
of the plaintiff to state a cause of action upon which recovery
can be granted. Plaintiff appealed. *Held:*

The garage keeper's liability act does not apply to damage to
the garage caused by work being performed on an automobile
which was entrusted to the garage keeper. Further, negligence
of the garage keeper is no defense to a claim for property
protection benefits under the no-fault act. Therefore, the garage

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4] 7 Am Jur 2d, Automobile Insurance § 217 *et seq.*
  38 Am Jur 2d, Garages, and Parking and Filling Stations §§ 71, 73,
  74.
  Liability for loss of or damage to automobile left in parking lot or
  garage. 7 ALR3d 927.
  Liability of garageman, service or repair station, or filling station
  operator for destruction or damage of motor vehicle by fire. 16
  ALR2d 799.
[2-4] 7 Am Jur 2d, Automobile Insurance § 366.
  Validity and construction of "no-fault" automobile insurance plans.
  42 ALR3d 229.
[3, 4] 7 Am Jur 2d, Automobile Insurance § 203.

keeper's liability act presents no obstacle to plaintiff's recovery of property protection benefits.

Reversed and remanded.

ALLEN, J., concurred in the result, but wrote separately to indicate that, contrary to the opinion of the majority, he believes that *Liberty Mutual Ins Co v Ins Co of North America,* 117 Mich App 197 (1982), was rightly decided.

## OPINION OF THE COURT

1. AUTOMOBILES — GARAGE KEEPER'S LIABILITY ACT — PRESUMPTION OF NEGLIGENCE.

   The garage keeper's liability act creates a rebuttable presumption that damage to a motor vehicle entrusted to a garage keeper was the result of negligence of the garage keeper; the act is irrelevant in a case where damage to a motor vehicle entrusted to a garage keeper is not at issue (MCL 256.541 *et seq.;* MSA 9.1721 *et seq.).*

2. AUTOMOBILES — NO-FAULT ACT — PROPERTY PROTECTION BENEFITS — NEGLIGENCE.

   Negligence is no defense to a claim for property protection benefits under the automobile no-fault insurance act (MCL 500.3121[2]; MSA 24.13121[2]).

3. AUTOMOBILES — GARAGE KEEPER'S LIABILITY ACT — NO-FAULT ACT — DAMAGE TO PREMISES.

   The garage keeper's liability act presents no obstacle to recovery, from the insurer of an automobile which exploded while being repaired, of property protection benefits for damages to the garage (MCL 256.541 *et seq.,* 500.3121; MSA 9.1721 *et seq.,* 24.13121).

## CONCURRENCE BY ALLEN, J.

4. AUTOMOBILES — GARAGE KEEPER'S LIABILITY ACT — NO-FAULT ACT — DAMAGE TO PREMISES.

   *The garage keeper's liability act does not act as a bar to maintenance of a suit under the automobile no-fault act by a garage keeper or the garage's insurer for property damage to the premises resulting from the explosion of a vehicle being repaired in the garage (MCL 256.541 et seq., 500.3121; MSA 9.1721 et seq., 24.13121).*

*Linsey, Strain & Worsfold, P.C.* (by *Larry D. Vander Wal),* for plaintiff.

*Cholette, Perkins & Buchanan* (by *Robert F. Riley),* for defendant.

Before: Beasley, P.J., and Allen and M. B. Breighner,* JJ.

M. B. Breighner, J. Plaintiff appeals as of right from a circuit court order granting summary judgment for defendant pursuant to GCR 1963, 117.2(1). Plaintiff was the insurer of Rick's Service Center under a garage keeper's and premises liability insurance policy. Defendant was the no-fault automobile insurance carrier for an automobile owned by James Hill. When Hill brought his automobile to Rick's Service Center for maintenance, an explosion resulted when gasoline from the automobile's fuel line came in contact with a trouble light. Rick's Service Center suffered substantial damages, for which plaintiff paid pursuant to its policy. In this action, plaintiff as subrogee of its insured sought to recover property protection benefits from defendant pursuant to MCL 500.3121; MSA 24.13121 for the damage to the garage.

In circuit court and on appeal, the parties' arguments have been directed to four conflicting opinions of this Court arising from similar explosions. In *Liberty Mutual Ins Co v Allied Truck Equipment Co,* 103 Mich App 33; 302 NW2d 588 (1981), insurance carriers for vehicles damaged in the explosion sought to recover damages from the garage keeper on a negligence theory. The Court relied on the garage keeper's liability act, MCL 256.541 *et seq.;* MSA 9.1721 *et seq.,*[1] and on the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The crucial section of the act is MCL 256.541; MSA 9.1721, which provides:

"Whenever any damage shall be done to any motor vehicle while in

common law relating to bailments to conclude that such an action could be brought despite MCL 500.3135; MSA 24.13135, which abolishes, with certain exceptions, tort liability arising from the ownership, maintenance, or use of a motor vehicle.

In *Buckeye Union Ins Co v Johnson,* 108 Mich App 46; 310 NW2d 268 (1981), insurance carriers who paid claims for damages to vehicles at the garage and for damages to nearby buildings and their contents resulting from the explosion sought to recover damages on a negligence theory from the garage keeper and property protection benefits pursuant to MCL 500.3121; MSA 24.13121 from the no-fault insurance carrier for the vehicle involved in causing the explosion. The Court rejected the reasoning of *Liberty Mutual Ins Co v Allied Truck Equipment Co* and concluded that "the garage keeper's liability act cannot logically supersede the no-fault act in cases where the no-fault act applies". 108 Mich App 54. However, the Court also noted that most of the damages at issue were to property other than motor vehicles entrusted to the garage keeper, and concluded that the garage keeper's liability act was irrelevant to claims for such damages.[2] 108 Mich App 53.

---

the possession or under the care, custody or control of the owner, his agent or servant, or the keeper of any public garage or other establishment where such vehicle shall have been accepted for hire or gain, proof of such damage shall be prima facie evidence that such damage was the result of the negligent act of such owner or keeper of the place where such vehicle was stored."

[2] The Court said, 108 Mich App 53:

"The garage keeper's liability act is a short piece of legislation which sets up certain presumptions concerning damage to automobiles left with a garage keeper. Generally, and as applicable to the instant case, the act provides that proof of damage to an automobile in the possession, care, custody, or control of a garage keeper is prima facie evidence that the damage was due to the negligence of the garage keeper. Accordingly, we do not perceive how that act would apply to the bulk of the claims in the instant case, which involve damage to property with no legal connection to the garage. The act is

In *Liberty Mutual Ins Co v Ins Co of North
America,* 117 Mich App 197; 323 NW2d 650 (1982),
and in *Michigan Mutual Ins Co v Carson City
Texaco, Inc,* 123 Mich App 240; 333 NW2d 235
(1983), *lv gtd* 418 Mich 875 (1983), insurers of the
garage keepers sought to recover property protec-
tion benefits for damage to the garage from the no-
fault insurance carriers for the vehicles involved
in causing the explosions. The majorities in these
cases noted the conflict between *Liberty Mutual
Ins Co v Allied Truck Equipment Co* and *Buckeye
Union Ins Co v Johnson,* and they expressed a
preference for the reasoning of the latter opinion.
In neither case did the Court discuss the distinc-
tion drawn in *Buckeye Union Ins Co* between
damage to motor vehicles entrusted to a garage
keeper and other damage.

The garage keeper's liability act creates a rebut-
table presumption that damage to a motor vehicle
entrusted to a garage keeper was the result of
negligence of the garage keeper. The Court in
*Buckeye Union Ins Co* was therefore correct in
concluding that the act is irrelevant where dam-
age to a motor vehicle entrusted to a garage
keeper is not at issue. In *Liberty Mutual Ins Co v
Allied Truck Equipment Co,* the Court relied on
the garage keeper's liability act to conclude that
the owner of a vehicle damaged while entrusted to
a garage keeper's care was not limited to the

clearly designed to protect the owners of vehicles who entrust their
vehicles to a garage keeper. There is no expression of legislative
intent that the act also be used in some manner to determine the
interests of owners of buildings or other forms of property with no
connection to the garage other than geographic proximity. The no-
fault act, on the other hand, is not so limited and applies to all forms
of tangible property. Accordingly, where it clearly can be said that
the damage arose out of the maintenance of a motor vehicle the
garage keeper's liability act should not be used to artificially defeat
this causal connection, at least as to owners of property other than
motor vehicles which were entrusted to the garage keeper."

recovery of no-fault property protection benefits, but that the owner or his insurer could bring a negligence action against the garage keeper. Because the garage keeper's liability act cannot possibly support an action by a garage keeper against the owner of a motor vehicle entrusted to the garage keeper's care, and because negligence is no defense to a claim for property protection benefits, MCL 500.3121(2); MSA 24.13121(2), the reasoning of *Liberty Mutual Ins Co v Allied Truck Equipment Co* is simply inapposite under the facts presented here, regardless of the validity of that reasoning.

On these facts, we need not consider the merits of the conflict between *Liberty Mutual Ins Co v Allied Truck Equipment Co* and *Buckeye Union Ins Co v Johnson.*[3] We adopt the distinction drawn in *Buckeye Union Ins Co* between damage to motor vehicles entrusted to a garage keeper and other damage. We conclude that the panels in *Liberty Mutual Ins Co v Ins Co of North America* and *Michigan Mutual Ins Co v Carson City Texaco, Inc* reached the correct result for the wrong reasons. We hold that the garage keeper's liability act presents no obstacle to plaintiff's recovery of property protection benefits here.

Reversed and remanded for further proceedings consistent with this opinion. We retain no jurisdiction.

BEASLEY, P.J., concurred.

---

[3] We note that the conflict may have to be re-examined in light of *Citizens Ins Co of America v Tuttle*, 411 Mich 536; 309 NW2d 174 (1981), a case decided after *Liberty Mutual Ins Co v Allied Truck Equipment Co* and *Buckeye Union Ins Co v Johnson* and not discussed in *Liberty Mutual Ins Co v Ins Co of North America* and *Michigan Mutual Ins Co v Carson City Texaco, Inc.* Compare *Hengartner v Chet Swanson Sales, Inc,* 132 Mich App 751; 348 NW2d 15 (1984).

Allen, J. *(concurring).* I agree in the result but as a member of the panel in *Liberty Mutual Ins Co v Ins Co of North America,* 117 Mich App 197; 323 NW2d 650 (1982), I write separately to indicate that I believe that case was rightly decided. Both *Liberty* and the present case involve suits by the garage keeper or its insurer for damages to the premises and building of the garage keeper. Where suit is filed by the garage keeper or the garage's insurer for such property damage under the no-fault act, the garage keeper's liability act does not act as a bar to maintenance of the suit.