*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SAMUEL ANAYA,

Plaintiff-Appellee,

v

BETTEN CHEVROLET, INC., doing business as
BETTEN CHEVROLET GMC CADILLAC, and
MATT ROOT,

Defendants-Appellants.

FOR PUBLICATION
October 15, 2019
9:05 a.m.

No. 343887
Muskegon Circuit Court
LC No. 16-003986-NI

Before: MARKEY, P.J., and BORRELLO and BOONSTRA, JJ.

BOONSTRA, J.

Defendants Betten Chevrolet, Inc. (Betten), and Matt Root (Root) appeal by right the trial court's final judgment entered after a jury verdict in favor of plaintiff. Defendants challenge the trial court's directed verdict in favor of plaintiff regarding whether defendants violated the Motor Vehicle Service and Repair Act (MVSRA), MCL 257.1301 *et seq*, and its subsequent post-verdict award of attorney fees and costs based on that violation. We reverse the trial court's grant of a directed verdict in favor of plaintiff, remand for entry of an amended judgment in favor of defendants on plaintiff's claim for violation of MVSRA, and vacate the related award of attorney fees and costs.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

In October 2013, plaintiff and Doris Myricks (Myricks) took Myricks's automobile to Betten for service and maintenance. Service technician Root performed a tire rotation but did not properly tighten the lug nuts on the left front wheel of the vehicle. Myricks drove away from Betten with plaintiff as her passenger. Approximately two blocks from the dealership, the left front wheel came off the vehicle, which caused it to skid and hit a curb. Plaintiff complained of severe low back and leg pain following the single-vehicle accident.

Plaintiff filed a negligence action against defendants in 2017, alleging that they had breached their duties to properly perform vehicle maintenance, rotate the tires, and secure the tires to the vehicle, causing him various injuries and damages. Plaintiff later amended his

complaint to additionally allege that defendants had violated MVSRA. The amended complaint did not identify a specific section of MVSRA that defendants allegedly had violated; however, plaintiff later filed a trial brief arguing that defendants had violated MCL 257.1307a by charging for a repair that was not performed and by failing to perform a promised repair within the period of time agreed or a reasonable time. See MCL 25.1307a(a), (e). Defendants denied plaintiff's negligence and MVSRA allegations and asserted various affirmative defenses.

Before trial, defendants admitted that Root had rotated the tires on Myricks's vehicle and had failed to properly tighten the lug nuts on its left front wheel, and that defendants had breached their duty not to perform the tire rotation negligently. But defendants contested the elements of causation and damages, and a jury trial was held on those issues relating to plaintiff's negligence claim. At the close of plaintiff's proofs, defendants moved for a directed verdict. They argued in part that plaintiff had failed to present testimony or evidence to support his MVSRA claim. Plaintiff argued that the evidence presented at the trial demonstrated that defendants had misrepresented that the tire rotation had been completed despite defendants' failure to tighten the lug nuts on the wheel.

The trial court denied defendant's motion, concluding that plaintiff had presented sufficient evidence that defendants had violated MVSRA by charging for a repair that was not performed. Plaintiff then moved for a directed verdict on that issue under MCL 257.1307a(a). Defendants responded that they had completed the repair, albeit incorrectly, and further that plaintiff was not able to bring a MVSRA claim because he was not defendants' customer. Defendants again argued that *they* were entitled to a directed verdict that they did *not* violate MVSRA by failing to perform a tire rotation. The trial court granted plaintiff's motion, holding that MCL 257.1307 did not limit a facility's liability only to customers, and that defendants had failed to perform the tire rotation because rotating tires involved the removal and replacement of the lug nuts, and defendants had failed to properly replace all the lug nuts. The trial court directed a verdict in favor of plaintiff regarding whether defendants had violated MVSRA.[1]

The jury was instructed that defendants had violated MVSRA and had admitted to negligence. It returned a verdict in favor of plaintiff in the amount of $40,000. The jury's verdict form reflected its conclusion that defendants' negligence and violation of MVSRA were proximate causes of plaintiff's injury. After the verdict, plaintiff moved for the entry of a judgment in his favor in the amount of the jury award plus penalty damages, reasonable attorney fees, and costs under MCL 257.1336. The trial court again held that plaintiff was not entitled to penalty damages because defendants did not willfully violate MVSRA, but awarded attorney fees and costs in excess of $70,000 based on defendants' violation of MVSRA.

---

[1] The trial court also granted defendants' motion for a directed verdict regarding whether plaintiff was entitled to double damages under MCL 257.1336 based on the willful or flagrant violation of MVSRA, concluding that there was no evidence that defendants' conduct was either willful or flagrant.

This appeal followed. On appeal, defendants do not challenge the jury verdict or the amount awarded as actual damages, but challenge the trial court's directed verdict regarding whether they violated MVSRA and the related post-judgment award of attorney fees and costs.

## II. STANDARD OF REVIEW

This Court reviews de novo issues of statutory interpretation. *Bush v Shabahang*, 484 Mich 156, 164; 772 NW2d 272 (2009). Additionally, we review de novo a trial court's decision on a motion for directed verdict. *Krohn v Home-Owners Ins Co*, 490 Mich 145, 155; 802 NW2d 281 (2011). A directed verdict is appropriate only when no factual question exists upon which reasonable minds could differ. *Aroma Wines & Equip, Inc v Columbia Distrib Servs, Inc*, 303 Mich App 441, 446; 844 NW2d 727 (2013); *Heaton v Benton Ins Co*, 286 Mich App 528, 532; 780 NW2d 618 (2009). In reviewing a directed verdict, we review all the evidence presented up to the time of the motion to determine whether a question of fact existed. *Silberstein v Pro-Golf of America, Inc*, 278 Mich App 446, 455; 750 NW2d 615 (2008). In deciding whether to direct a verdict, the trial court must view the testimony and all legitimate inferences from the testimony in the light most favorable to the nonmoving party to determine whether a directed verdict is appropriate; we review the evidence in the same manner. *Chouman v Home-Owners Ins Co*, 293 Mich App 434, 441; 810 NW2d 88 (2011); *Krohn*, 490 Mich at 155; *Aroma Wines*, 303 Mich App at 446. The trial court may not substitute its judgment for that of the jury when the evidence could lead reasonable jurors to disagree. *Moore*, 279 Mich App at 202. Directed verdicts are viewed with disfavor, particularly in negligence cases. *Berryman v K Mart Corp*, 193 Mich App 88, 91; 483 NW2d 642 (1992).

## III. THE TRIAL COURT'S GRANT OF DIRECTED VERDICT TO PLAINTIFF

A party may move for a directed verdict at the close of the evidence offered by the opposing party. MCR 2.516; *Wickens v Oakwood Healthcare Sys*, 465 Mich 53, 59; 631 NW2d 686 (2001). In doing so, he must state the specific grounds supporting the motion. MCR 2.516.

Defendants argue that the trial court erred by granting plaintiff's motion for a directed verdict regarding defendants' violation of MVSRA, specifically MCL 257.1307a(a),[2] because

---

[2] Defendants also argue on appeal that that the trial court erroneously relied on the version of MCL 257.1307a(a) amended by 2016 PA 430, which was not in effect at the time that defendants completed the tire rotation. Defendants did not present this issue to the trial court and thus failed to preserve it for appellate review. *Mouzon v Achievable Visions*, 308 Mich App 415, 419; 864 NW2d 606 (2014) (stating that, in general, an issue is preserved for appellate review if the issue is raised, addressed, and decided by the trial court). In any event, the statutory provisions of MVSRA and the related administrative rules in effect at the time defendants performed the tire rotation and at the time that plaintiff filed his complaint prohibited the same conduct as does the amended version of MCL 257.1307a(a). See MCL 257.1307, prior to amendment by 2016 PA 430, and Mich Admin Code, R 257.132(a), rescinded by 2016 PA 430 (prohibiting a motor vehicle repair facility from "charg[ing] for repairs that are in fact not performed."). Therefore,

plaintiff was not a customer of defendants and the language of MCL 257.1307a does not support the trial court's finding that defendants did not perform a tire rotation. We disagree with defendants' argument concerning their liability to plaintiff as a non-customer, but agree that the trial court erred by concluding that defendants did not perform a repair in this case.

The purposes of MVSRA include regulating the practice of servicing and repairing motor vehicles and proscribing unfair and deceptive practices. See *Auto Serv Councils of Mich v Secretary of State*, 82 Mich App 574, 596; 267 NW2d 698 (1978) (stating that the Legislature sought to remedy "gross abuses" by the motor vehicle repair industry by enacting MVSRA). MVSRA prohibits a motor vehicle repair facility or an owner or operator of a motor vehicle repair facility from engaging or attempting to engage "in a method, act, or practice which is unfair or deceptive." MCL 257.1307.

MCL 257.1307a provides, in relevant part:

A motor vehicle repair facility that is subject to this act, or a person that is an owner or operator of a motor vehicle repair facility that is subject to this act, shall not, directly or through an agent or employee, do any of the following:

(a) Charge for repairs that are in fact not performed.

\* \* \*

(e) Fail to perform promised repairs within the period of time agreed, or within a reasonable time, unless circumstances beyond the control of the facility prevent the timely performance of the repairs and the facility did not have reason to know of those circumstances at the time the contract was made.

A. DEFENDANTS' LIABILITY TO PLAINTIFF, A NON-CUSTOMER

Defendants argue that plaintiff could not properly bring a claim under MVSRA because he was not defendants' customer or the owner of the vehicle. We disagree.

MCL 257.1336 provides:[3]

A facility that violates this act is liable as provided in this act, to a person that suffers damage or injury as a result of that violation, in an amount equal to the damages plus reasonable attorney fees and costs. If the damage or injury to the person occurs as the result of a willful and flagrant violation of this act, the person

---

our analysis is the same whether the trial court's holding was properly made under the previous or current version of MVSRA.

[3] Although MCL 257.1336 was amended effective April 4, 2017, this language does not substantially differ from the pre-2017-amendment version. See MCL 257.1336, prior to amendment by 2016 PA 430.

shall recover double the damages plus reasonable attorney fees and costs from the facility.

MCL 257.1336 creates a cause of action for a "person" injured as a result of a motor vehicle repair facility's violation of MVSRA. See *Campbell v Sullins*, 257 Mich App 179, 186-187; 667 NW2d 887 (2003); *Hengartner v Chet Swanson Sales, Inc*, 132 Mich App 751, 755; 348 NW2d 15 (1984). The plain language of MCL 257.1336 provides that any person who suffers damages or an injury can recover damages and reasonable attorney fees and costs for a repair facility's violation of MVSRA. It does not require that the injured person be a customer of the motor vehicle repair facility or the owner of the vehicle. Moreover, MVSRA's definition of "person" makes no reference to customers or vehicle owners. See MCL 257.1302a(h) (defining "person" as "an individual, corporation, limited liability company, partnership, association, or any other legal entity").

Additionally, another portion of MVSRA, MCL 257.1331, creates a separate cause of action and limits recovery specifically to customers. In other words, MCL 257.1331 concerns a customer's recovery, whereas MCL 257.1336 more broadly concerns a motor vehicle repair facility's liability to persons for damages or injury resulting from violations of MVSRA. See *Campbell*, 257 Mich App at 186; *Hengartner*, 132 Mich App at 755. We presume that the Legislature's use of different terms is intentional. See *US Fidelity & Guarantee Co v Mich Catastrophic Claims Assoc'n*, 484 Mich 1, 15; 795 NW2d 101 (2009). MCL 257.1336 does not impose a requirement that a plaintiff be a customer of a motor vehicle repair facility or the owner of the vehicle in order to bring a claim under that section of MVSRA.

## B. INTERPRETATION OF THE WORD "PERFORM"

In interpreting the word "perform" as used in MCL 257.1307a, the trial court determined that defendants did not "perform" a tire rotation because they failed to tighten the lug nuts on at least one of the wheels of Myrick's vehicle. We disagree with that interpretation. The primary goal of judicial interpretation of statutes is to ascertain and give effect to the Legislature's intent. *Mich Ed Ass'n v Secretary of State (On Rehearing)*, 489 Mich 194, 217; 801 NW2d 35 (2011). The Legislature is presumed to have intended the meaning it plainly expressed. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 205-206; 815 NW2d 412 (2012). Clear statutory language must be enforced as written. *Velez v Tuma*, 492 Mich 1, 16-17; 821 NW2d 432 (2012). Additionally, a statute must be read as a whole and in the context of the legislative scheme. *Bush*, 484 Mich at 167. When interpreting a specific term, we consider its plain meaning and its placement and purpose in the statutory scheme. *Id*. If a nonlegal term is not defined in a statute, "resort to a layman's dictionary such as Webster's is appropriate." See *Horace v Thompson*, 456 Mich 744, 756; 575 NW2d 762 (1998).

MVSRA does not define the term "perform." Therefore, it is appropriate to consult a dictionary to aid our interpretation. *Id*. The term "perform" means "to carry out an action." *Merriam-Webster's Collegiate Dictionary* (11th ed). "Perform implies action that follows established patterns or procedures or fulfills agreed upon requirements and often connotes special skill." *Merriam-Webster's Collegiate Dictionary* (11th ed). Therefore, the term "perform" generally refers to completion of an action according to an established procedure; the

term does not imply that the action has been completed properly, successfully, or without mistake.[4]

Moreover, the term "perform" as used in context by the Legislature does not support the conclusion that the repairs must be performed successfully or without error. The conduct prohibited under MCL 257.1307a concerns the performance of vehicle repairs and representations made concerning those repairs, including representations to a customer. MCL 257.1307a(a) prohibits a motor vehicle repair facility from charging for repairs that it did not perform. Other conduct that is prohibited under MCL 257.1307a includes performing unnecessary repairs, performing unauthorized repairs, misrepresenting the condition of replacement parts, and failing to disclose a diagnosed or suspected vehicle malfunction. MCL 257.1307a(b), (d), (f), and (g). Our review of the statute as a whole supports the conclusion that the Legislature intended to regulate repair procedures and to insure that customers were only charged for repairs that were necessary and were actually performed, as well as to protect an individual from unknowingly driving a vehicle repaired with substandard parts or an unrepaired malfunction. This language does not support the trial court's conclusion that a facility violates MCL 257.1307a by performing a repair negligently; indeed, such a conclusion would transform every negligent repair into a statutory violation.

Evidence presented to the trial court indicated that a tire rotation consists of removing the tires from the vehicle, moving the tires in a specific pattern to a different axle or side of the vehicle, and replacing the tires on the vehicle. The purpose of a tire rotation is to evenly spread the wear of the tires in order to maximize the longevity of the tire tread, to prevent or correct misaligned tires, and to prevent uneven wearing of drive components. There was no evidence presented, nor did plaintiff allege, that Root did not remove the tires and replace them on different axles or sides of the vehicle; rather, plaintiff alleged in his complaint that Root had either failed to replace the lug nuts on one tire or failed to tighten them sufficiently. Defendants admitted the latter; indeed, plaintiff's counsel, in his opening statement, advised the jury that Root "put the lug nuts on but did not use – forgot to use the torque wrench" and noted that the lug nuts were found on the road at the scene of the accident.

We conclude, under the plain language of MCL 257.1307a, that defendants "performed" a tire rotation, albeit negligently. *Bush*, 484 Mich at 167. There is no support for the trial court's determination that a tire rotation is not "performed" if a service person fails to sufficiently tighten the lug nuts on one tire. To accept the trial court's interpretation would essentially turn every incorrectly performed repair into a violation of MVSRA. We do not believe that comports with the Legislature's intent as expressed in the language of the statute. Therefore, we conclude that the trial court erroneously granted plaintiff a directed verdict regarding defendants' alleged

---

[4] In contrast, the word "accomplish stresses the successful completion of a process rather than the means of carrying it out." *Merriam-Webster's Collegiate Dictionary* (11th ed).

violation of this provision of MVSRA. See *Aroma Wines*, 303 Mich App at 446, 449.[5] In fact, defendants were entitled to a directed verdict on this issue, as no factual issue existed regarding whether defendants had failed to "perform" the tire rotation under the MVSRA. *Heaton v Benton Ins Co*, 286 Mich App at 532. We therefore reverse the trial court's grant of a directed verdict in favor of plaintiff and remand for entry of an amended judgment in favor of defendants on plaintiff's claim for violation of MVSRA. We therefore further vacate the trial court's related award of attorney fees and costs under MCL 257.1336.

Vacated in part; reversed in part and remanded for entry of an amended judgment in accordance with this opinion. Defendants, as the prevailing parties, may tax costs under MCR 7.219. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Jane E. Markey
/s/ Stephen L. Borrello

---

[5] Although the parties and the trial court did not specifically address defendants' alleged violation of MCL 257.1307a(e), violation of that subsection also requires failure to "perform" a repair.