CENTRAL MUTUAL INSURANCE COMPANY v WALTER

Docket No. 70995. Submitted June 19, 1984, at Lansing.—Decided June 3, 1985.

A gasoline service station owned by C. Rudolph Hanson and Wilma J. Hanson and leased by Leon T. Walter and Franklin Standard Service, Inc., was damaged by a fire which occurred when fuel leaking from an automobile brought into the station for repairs was ignited, apparently by the open flame of a hot water heater in the service bay. Central Mutual Insurance Company, the insurer of the premises, paid for repairs and brought a negligence action against Leon T. Walter and Franklin Standard Service, Inc., in Oakland Circuit Court. In an amended complaint, plaintiff, sued Detroit Automobile Inter-Insurance Exchange, the no-fault insurer of the vehicle involved, to recover for the premises damage under the property protection section of the DAIIE policy. The court, Steven N. Andrews, J., found that the DAIIE policy controlled because the damages claimed were foreseeably identifiable with the normal maintenance of the automobile. DAIIE appeals. *Held:*

1. The fire did not arise out of the ownership, operation, maintenance or use of a motor vehicle within the meaning of the no-fault act. There was no connection between the vehicle being maintained and the source of the ignition, a water heater pilot light spatially and conceptually removed from the repair

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobile Insurance § 340 *et seq.*

Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

[2] 38 Am Jur 2d, Garages, and Filling and Parking Stations § 27 *et seq.*

Liability of owner or operator of motor vehicle for injury caused thereby while it is being repaired or serviced. 15 ALR3d 1387.

[3] 73 Am Jur 2d, Summary Judgment § 4 *et seq.*

Right to voluntary dismissal of civil action as affected by opponent's motion for summary judgment, judgment on the pleadings, or directed verdict. 36 ALR3d 1113.

work being performed on the automobile. The no-fault act does not apply under these circumstances.

2. The trial court correctly found that the garage keeper's liability act does not apply to this case.

3. Summary judgment was a proper vehicle for deciding this case, but the trial court did not reach the correct result. Thus, the judgment of the trial court is reversed and the case is remanded for entry of an order of summary judgment disposing of the case in favor of DAIIE.

Reversed and remanded.

1. AUTOMOBILES — INSURANCE — NO-FAULT INSURANCE.

The no-fault automobile insurance act does not cover damages to a gasoline service station caused by a fire which resulted from the placement of a water heater with an open flame in the service bay area of the station, a premises hazard unrelated to the normal maintenance and repair of motor vehicles; a fire resulting from the ignition by a water heater's pilot light of fuel leaking from an automobile being serviced is not foreseeably identifiable with the normal operation, maintenance, or use of vehicles to come within the meaning of the no-fault act (MCL 500.3121[1]; MSA 24.13121[1]).

2. AUTOMOBILES — GARAGE KEEPER'S LIABILITY ACT — DAMAGE TO PREMISES.

The garage keeper's liability act is directed toward damage to motor vehicles and is irrelevant where the claim is for damage to service station premises (MCL 256.541 et seq.; MSA 9.1721 et seq.).

3. JUDGMENTS — SUMMARY JUDGMENT.

Summary judgment is a proper vehicle for deciding a case where trial on the merits is unnecessary because the facts are not in dispute and the trial court's determination involves a question of statutory construction, not a question of deciding between competing factual assertions made by the parties.

*Franklin, Petrulis, Bigler, Berry & Johnston, P.C.* (by *Witold Sztykiel),* for plaintiff.

*Faintuck, Shwedel & Wolfram* (by *William G. Wolfram),* for Leon T. Walter.

*Beier, Howlett, Hayward, McConnell, McCann, Jones, Kingsepp & Shea* (by *P. David Palmiere),* for Detroit Automobile Inter-Insurance Exchange.

Before: MacKenzie, P.J., and Beasley and J. R. Kirwan,* JJ.

MacKenzie, P.J. Defendant Detroit Automobile Inter-Insurance Exchange appeals as of right from an April 6, 1983, order granting summary judgment to plaintiff Central Mutual Insurance Company (CMI). The action arose out of a June 15, 1981, fire at a gasoline service station leased by defendants-cross-plaintiffs Leon T. Walter and Franklin Standard Service, Inc. The fire occurred when fuel leaking from a 1966 Cadillac, brought into the station for repairs, spread onto the floor and was ignited, apparently by the open flame of a hot water heater in the service bay.

The service station premises, owned by C. Rudolph Hanson and Wilma J. Hanson, sustained damages of $23,570.92. CMI, the fire insurer for the premises, paid for repairs and brought this action for negligence against Leon T. Walter and Franklin Standard Service. In an amended complaint filed May 11, 1982, plaintiff sued DAIIE, the no-fault insurer of the Cadillac, to recover for the premises damage under the property protection section of the DAIIE policy. MCL 500.3121(1); MSA 24.13121(1).

The circuit court found that the DAIIE policy controlled because the damages claimed were foreseeably identifiable with the normal maintenance of the automobile. *Buckeye Union Ins Co v Johnson,* 108 Mich App 46; 310 NW2d 268 (1981), *lv den* 414 Mich 873 (1982).

The relevant section of the no-fault act, MCL 500.3121(1); MSA 24.13121(1), provides:

"Under property protection insurance an insurer is liable to pay benefits for accidental damage to tangible

---

* Circuit judge, sitting on the Court of Appeals by assignment.

property arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle subject to the provisions of this section and sections 3121, 3125 and 3127."

On appeal DAIIE contends that the fire did not "aris[e] out of the ownership, operation, maintenance or use of a motor vehicle" within § 3121(1). DAIIE argues that, since the source of ignition (the hot water heater) was unrelated to the direct maintenance of the Cadillac, the damage was not foreseeably identifiable with the normal maintenance of the vehicle. *Kangas v Aetna Casualty & Surety Co,* 64 Mich App 1, 17; 235 NW2d 42 (1975), *lv den* 395 Mich 787 (1975).

In the trial court DAIIE also argued that the garage keeper's liability act, MCL 256.541 *et seq.;* MSA 9.1721 *et seq.,* should control this action.

Plaintiff CMI responds that the trial court correctly granted summary judgment because the fire and subsequent damage clearly did arise out of the use and maintenance of a motor vehicle. The term "arising out of" in MCL 500.3121(1) does not require as strict a showing of causation as does the concept of proximate cause. In the case at bar, plaintiff argues, it was entirely foreseeable that a fire could occur when a vehicle leaking fuel was brought into a gasoline station for repairs.

We agree with defendant DAIIE that the fire did not "aris[e] out of the ownership, operation, maintenance or use of a motor vehicle" within the meaning of MCL 500.3121(1). In *Kangas v Aetna Casualty & Surety Co, supra,* the Court set forth the following test for determining whether an accident arises out of the ownership, operation, maintenance, or use of a motor vehicle:

"[W]hile the automobile need not be the proximate

cause of the injury, there still must be a causal connection between the injury sustained and the ownership, maintenance or use of the automobile and which causal connection is more than incidental, fortuitous or but for. The injury must be foreseeably identifiable with the normal use, maintenance and ownership of the vehicle". 64 Mich App 17.

See also *Williams v Citizens Mutual Ins Co of America,* 94 Mich App 762, 764-765; 290 NW2d 76 (1980); *Ricciuti v DAIIE,* 101 Mich App 683; 300 NW2d 681 (1980).

The present case is distinguishable from *Buckeye, supra,* and other "trouble light" cases, because in this case a condition in the garage itself was ultimately responsible for the accident. See, *e.g., Liberty Mutual Ins Co v Ins Co of North America,* 117 Mich App 197; 323 NW2d 650 (1982), *lv den* 417 Mich 922 (1983); *Michigan Mutual Ins Co v Carson City Texaco, Inc,* 123 Mich App 240; 333 NW2d 235 (1983), *aff'd* 421 Mich 144; 365 NW2d 89 (1984); *Hawkeye Security Ins Co v State Farm Mutual Automobile Ins Co,* 136 Mich App 138; 356 NW2d 7 (1984). In cases where fuel from a vehicle was ignited by a mechanic's trouble light, there was a close and direct connection between the vehicle's being maintained and the source of ignition. In the case at bar, however, there was no connection; the source of ignition was a water heater pilot light spatially and conceptually removed from the repair work being performed on the automobile. The water heater's sole function was to provide hot water for the gas station bathrooms. It was unrelated to the work of servicing automobiles. We do not believe the Legislature intended the no-fault act to apply in such circumstances.

In *Citizens Ins Co of America v Tuttle,* 411 Mich

536; 309 NW2d 174 (1981), the Court held that the no-fault act did not abolish the tort liability of a nonmotorist tortfeasor whose wrongful act did not involve the defendant's ownership, maintenance, or use or a motor vehicle. In *Tuttle* the defendant's tort liability, if any, arose only from his alleged wrongful keeping of a cow. Similarly, in the present case the accident arose out of the actions of a nonmotorist tortfeasor. The fire resulted from the placement of a water heater with an open flame in the service bay area of a gasoline station. This was a premises hazard unrelated to the normal maintenance and repair of motor vehicles. It was not foreseeably identifiable with the normal operation, maintenance, or use of vehicles. *Kangas, supra; King v Aetna Casualty & Surety Co,* 118 Mich App 648; 325 NW2d 528 (1982), *lv den* 418 Mich 881 (1983). The no-fault act's abolition of tort liability does not extend to this situation. *Tuttle, supra; Ohio Casualty Ins Group v Robinson,* 127 Mich App 138, 147; 338 NW2d 898 (1983) (MacKenzie, J., concurring in part and dissenting in part).

We do agree with the trial court that the garage keeper's liability act does not apply to this case. The garage keeper's liability act is directed toward damage to motor vehicles and is irrelevant where the claim is for damage to service station premises. *Michigan Mutual Ins Co v Carson City Texaco, Inc, supra,* p 149; *Hawkeye Security Ins Co v State Farm Mutual Automobile Ins Co, supra,* pp 142-143.

DAIIE's second and alternative contention is that foreseeability was a question of fact which should not have been decided on a motion for summary judgment. In responding to this issue, CMI has argued that this case involved a question of statutory construction and therefore a question

of law susceptible to resolution by summary judgment.

We agree that summary judgment was a proper vehicle for deciding this case, although we do not agree with the result reached by the trial court. Trial on the merits was unnecessary because the facts of the accident were not in dispute, and the trial court's determination involved a question of statutory construction, not a question of deciding between competing factual assertions made by the parties. Consequently, it is appropriate for this Court to direct entry of an order disposing of the case on summary judgment. GCR 1963, 820.1(7); MCR 7.216(A)(7).

Reversed and remanded for entry of judgment in favor of defendant DAIIE.