HARKINS v STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY

Docket No. 85392. Submitted January 15, 1986, at Detroit.—Decided
February 5, 1986. Leave to appeal denied, 425 Mich —.

James Harkins parked his car in his garage and, after exiting
from the car, slipped and fell and injured himself while attempting to close the garage door. He brought an action in the
Macomb Circuit Court against State Farm Mutual Automobile
Insurance Company, alleging that he was injured while maintaining his vehicle or, alternatively, while alighting from his
vehicle. The court, Kathleen Jansen, J., granted summary
disposition for defendant. Plaintiff appealed. *Held:*

1. A plaintiff who, after parking his automobile in his garage
and after exiting from the vehicle, slips and injures himself
while attempting to close the garage door is not entitled to no-fault benefits for injuries arising out of the maintenance of his
vehicle or sustained when alighting from his automobile.

2. Plaintiff waived his other allegation of error by failing to
adequately address the issue in his brief.

Affirmed.

INSURANCE — NO-FAULT INSURANCE — MAINTENANCE OF AN AUTOMO-
BILE — ALIGHTING FROM AN AUTOMOBILE.

A plaintiff who, after parking his automobile in his garage and
after exiting from the vehicle, slips and injures himself while
attempting to close the garage door is not entitled to no-fault
benefits for injuries arising out of the maintenance of his
vehicle or sustained when alighting from his automobile (MCL
500.3105, 500.3106[c]; MSA 24.13105, 24.13106[c]).

*Thomas, Garvey & Garvey, P.C.* (by *Robert F. Garvey*), for plaintiff.

*Romain, Donofrio & Kuck, P.C.* (by *Pat M. Donofrio* and *John C. Brennan*), for defendant.

REFERENCES

Am Jur 2d, Automobile Insurance §§ 340 *et seq.*

What constitutes occupancy of motor vehicle for purpose of no-fault
automobile insurance coverage. 35 ALR4th 364.

Before: D. F. WALSH, P.J., and CYNAR and N. J. KAUFMAN,* JJ.

PER CURIAM. Plaintiff appeals as of right from the circuit court's order of May 15, 1985, granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(10), which dismissed plaintiff's action for no-fault insurance benefits under MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.*

On December 26, 1983, plaintiff parked his 1973 Plymouth in his garage and, after exiting from the vehicle, attempted to close the garage door. His hand slipped and he fell to the ground fracturing his hip. Plaintiff demanded payment for his damages from defendant, his no-fault automobile insurance carrier. Upon notice of defendant's refusal to pay, plaintiff instituted the instant action. He asserted that his injuries arose out of the maintenance of his motor vehicle, MCL 500.3105; MSA 24.13105, and, alternatively, that his injuries were caused when he was alighting from his automobile, MCL 500.3106(c); MSA 24.13106(c). Plaintiff's action was dismissed pursuant to defendant's motion for summary disposition.

Plaintiff first argues that parking his automobile in his garage was a method of "maintaining" his car within the meaning of MCL 500.1305; MSA 24.13105 because it preserved the outer body and inner mechanics of the car from the natural elements and the threat of theft, and that closing the garage door was foreseeably identifiable with the maintenance. We disagree.

MCL 500.3105; MSA 24.13105 provides for personal protection benefits for "accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

vehicle". While injuries sustained while a vehicle is parked are generally excluded from no-fault recovery, MCL 500.3106; MSA 500.13106, benefits can be recovered if the injuries were sustained while performing maintenance upon the parked vehicle. *Miller v Auto-Owners Ins Co,* 411 Mich 633; 309 NW2d 544 (1981). Although the vehicle does not have to be the proximate cause of the injury, there must be a causal connection between, in this case, the maintenance and the injury sustained. *King v Aetna Casualty & Surety Co,* 118 Mich App 648; 325 NW2d 528 (1982), *lv den* 418 Mich 881 (1983); *Central Mutual Ins Co v Walter,* 143 Mich App 332; 372 NW2d 542 (1985). "The injury must be foreseeably identifiable with the normal use, maintenance and ownership of the vehicle." *Kangas v Aetna Casualty & Surety Co,* 64 Mich App 1, 17; 235 NW2d 42 (1975), *lv den* 395 Mich 787 (1975).

We do not believe that plaintiff's injuries were causally connected to the maintenance of his vehicle. Plaintiff's injuries were not caused by the parked vehicle but by the garage door. This was merely a premises hazard unrelated to the repair and maintenance of the vehicle. *Central Mutual Ins, supra,* p 337. The same injuries could have occurred when plaintiff was taking out the trash or getting his lawn mower or for any number of reasons. The presence of the automobile was only incidentally related to plaintiff's injuries and his fall was not foreseeably identifiable with the maintenance of the vehicle.

Neither are we convinced that "maintenance" encompasses parking the vehicle in the garage. The Supreme Court has stated that, in addition to the common sense meaning of the word, "maintenance" covers the act of repairing the vehicle. *Miller, supra,* p 639; *Michigan Mutual Ins Co v*

*Carson City Texaco, Inc,* 421 Mich 144; 365 NW2d 89 (1984). While this Court has found that "maintenance" should be given a liberal construction, *Wagner v Michigan Mutual Liability Ins Co,* 135 Mich App 767; 356 NW2d 262 (1984), we do not believe that the Legislature intended it to apply to activities so tangentially related to the normal repair and servicing of a vehicle as parking a car inside a garage. We conclude that plaintiff's injuries did not arise out of the maintenance of his vehicle and accordingly affirm the lower court's order granting summary disposition on this basis.

Plaintiff's alternative basis for recovery is equally unpersuasive. Subsection (c) of the parked vehicle exclusion, MCL 500.3106; MSA 500.13106, exempts injuries sustained while "alighting from" a parked vehicle. Although there is no statutory definition of the phrase "alighting from", this Court has generally interpreted the phrase as requiring some movement associated with physically removing one's person from the immediate confines of the vehicle. *Krueger v Lumbermen's Mutual Casualty Co,* 112 Mich App 511; 316 NW2d 474 (1982); *Royston v State Farm Mutual Automobile Ins Co,* 130 Mich App 602; 344 NW2d 14 (1983), *lv den* 419 Mich 862 (1984). Plaintiff's own affidavit established that he had physically left his vehicle and walked to the garage door before the injury occurred. We find that, when the injury occurred, the process of alighting was completed. Plaintiff was not entitled to no-fault benefits under this section.

Lastly, plaintiff argues that the trial judge failed to give him the benefit of every reasonable doubt in deciding defendant's motion for summary disposition. *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316 (1973). However, plaintiff has failed to provide any factual basis for this claim. "It is not

enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims." *Mitcham v Detroit,* 355 Mich 182, 203; 94 NW2d 388 (1959). Plaintiff's failure to adequately address this issue results in its waiver on appeal.

Affirmed.