DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE v
CLEMONS

Docket No. 87033. Submitted April 15, 1986, at Lansing. Decided July
8, 1986.

On March 1, 1981, defendant Charlene Clemons was insured by
an applicable auto no-fault liability policy issued by plaintiff,
Detroit Automobile Inter-Insurance Exchange. On that date
defendant Jerry Elrich, a Grand Blanc Township police officer,
received a call for assistance from Donald Sorenson, also a
member of the Grand Blanc Township Police Department.
Responding to the call, Elrich found Officer Sorenson's car
parked immediately behind Charlene Clemons' car on the west
shoulder of Center Road and Sorenson standing beside Clem-
ons' car, asking Clemons to provide him with her driver's
license. Sorenson informed Elrich that he had halted Clemons
because she had been driving erratically in a southerly direc-
tion on Center Road. There was considerable controversy and
Clemons was using abusive language. Sorenson finally placed
Clemons under arrest and, when she refused to leave her car,
he and defendant Elrich assisted her from the car and, each
grabbing an arm, dragged her, kicking and resisting, back to
Sorenson's police cruiser. While attempting to load Clemons
into the cruiser, defendant Elrich placed his left hand on the
open rear door of the cruiser and was holding her weight with
his left arm. He was being pulled down by the weight of the
resisting woman on his left arm when, suddenly, he felt like
somebody snapped him with a large rubber band in the lower
right about at the beltline. He drew disability for a herniated
lumbar disc and filed a third-party auto negligence claim
against defendant Clemons. Plaintiff brought an action against
defendants for a declaratory judgment that it was not obligated

REFERENCES

Am Jur 2d, Automobile Insurance §§ 194, 197, 207, 208, 446.

Automobile liability insurance policy flight from police exclusion:
validity and effect. 49 ALR4th 325.

Criminal conviction as rendering conduct for which insured con-
victed within provision of liability insurance policy expressly
excluding coverage for damage or injury intended or expected by
insured. 35 ALR4th 1063.

to defend Clemons or pay Elrich in the event he obtained a judgment against Clemons. The Genesee Circuit Court, Robert M. Ransom, J., granted plaintiff a declaratory judgment on the basis that the injury was not foreseeably identifiable with the normal use, maintenance and ownership of the insured vehicle. Defendant Elrich appealed. *Held:*

An injury does not arise out of the ownership, maintenance or use of a motor vehicle where the injury is the result of an assault or of an action which has the overtones of deliberateness regardless of who commits the act or inflicts the injury.

Affirmed.

1. INSURANCE — AUTOMOBILES — INJURY — CAUSAL CONNECTION.

There must be a causal connection between the injury sustained and the ownership, maintenance or use of the automobile to create a claim under the terms of an automobile insurance policy which provides coverage for injuries arising out of the ownership, maintenance or use of an automobile; the causal connection must be more than incidental, fortuitous or "but for," and the injury must be foreseeably identifiable with the normal use, maintenance and ownership of the vehicle.

2. INSURANCE — AUTOMOBILES — ASSAULT AND BATTERY.

An injury does not arise out of the ownership, maintenance or use of a motor vehicle where the injury is the result of an assault or of an action which has the overtones of deliberateness regardless of who commits the act or inflicts the injury.

*Gault, Davison, Bowers & Hill* (by *Guy H. Hill*), for plaintiff.

*Norman N. Gottlieb, P.C.* (by *Norman N. Gottlieb*), for defendant Jerry Elrich.

Before: ALLEN, P.J., and MACKENZIE and J. P. SWALLOW,* JJ.

PER CURIAM. Defendant-appellant, a Grand Blanc Township police officer, appeals as of right from a July 18, 1985, order of the Genesee Circuit Court granting plaintiff a declaratory judgment that the no-fault automobile insurance policy

---

* Circuit judge, sitting on the Court of Appeals by assignment.

plaintiff issued to defendant Charlene Clemons did not obligate plaintiff to pay for liability of or to defend Charlene Clemons in a suit for personal injuries brought against her by officer Elrich. We affirm.

The trial court's decision was based upon stipulated facts jointly submitted by the parties. On March 1, 1981, Charlene Clemons was insured by an applicable auto liability policy issued by plaintiff. On that date Jerry Elrich, a Grand Blanc Township police officer, received a call for assistance from Donald Sorenson, also a member of the Grand Blanc Township Police Department. Responding to the call, Elrich drove to the intersection of Center and Hill Roads, where he found Officer Sorenson's car parked immediately behind Charlene Clemons' car on the west shoulder of Center Road and Sorenson standing beside Clemons' car, asking Clemons to provide him with her driver's license. Sorenson informed Elrich that he had halted Clemons because she had been driving erratically in a southerly direction on Center Road. The stipulation continued verbatim as follows:

> The allegation of Elrich is that there was considerable verbal controversy and that Clemons was using abusive language. Sorenson finally placed Clemons under arrest and, when she refused to leave her car, he and defendant Elrich assisted her from the car and, each grabbing an arm, dragged her, kicking and resisting, back to Sorenson's police cruiser.
>
> While attempting to load Clemons into the cruiser, defendant Elrich placed his left hand on the open rear door of the cruiser and was holding her weight with his left arm. He was being pulled down by the weight of the resisting woman on his left arm when, suddenly, he felt like somebody "snapped me with a large rubber band in the

lower right about at the beltline". He has been on disability for a herniated lumbar disc ever since, and has filed a third party auto negligence claim against defendant Clemons under Circuit Court File No. 82-68787-NI, which action is being held in abeyance pending a resolution of the "coverage" issue raised in this case.

Contained in the liability section of the automobile insurance policy issued by plaintiff to defendant Clemons is, in pertinent part, the following language:

"Plaintiff agrees:

"SECTION I—LIABILITY PROTECTION

"Bodily Injury Liability Coverage

*   *   *

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:

"A. bodily injury . . . sustained by any person:

*   *   *

arising out of the ownership, maintenance or use, including the loading or unloading thereof, of the owned automobile . . . ."

Defendant Charlene Clemons had been operating an owned vehicle, as defined in the policy, when she was stopped by Officer Donald Sorenson.

Following oral argument on the stipulated facts, the trial court entered a judgment for declaratory relief in favor of plaintiff. The court explained:

The Court finds that because Defendant Police Officer's injuries occurred after Plaintiff's insured was removed from her car and because of the insured's resistance exerted when said police officer was attempting to place the insured in a police cruiser the injury was not foreseeably identifiable with the "normal use, maintenance and ownership" of Plaintiff's insured vehicle.

The single issue raised on appeal is whether the

trial court erred in finding that the injury sustained by Officer Elrich did not "arise out of the ownership, maintenance or use of the insured vehicle." Defendant Elrich argues that "but for the negligent operation by Clemons of her vehicle while she was in an intoxicated state, Jerry Elrich would not have suffered a ruptured disc." Defendant further argues that the instant case is simply an extension of the situation in *Palsgraf v Long Island R Co,* 248 NW 339; 162 NE 99 (1928), and as expounded in Prosser's Law of Torts,[1] this Court should take the more enlightened view and find that the injury suffered by Elrich "was a natural and foreseeable consequence of the negligent operation of the insured automobile." We disagree on several grounds.

First, Judge Cardozo, speaking for the majority of four in *Palsgraf,* held that there was no liability because there was no negligence toward plaintiff. Second, as explained by Prosser, the present state of the law regarding *Palsgraf* is "one of the troubled waters, in which any one may fish." Prosser & Keeton, Torts (5th ed), p 287. Third, unlike *Palsgraf,* the instant situation concerns language in an insurance policy, thus making the case one of contract rather than tort. Finally, and most persuasively, our Court in *Kangas v Aetna Casualty Co,* 64 Mich App 1; 235 NW2d 42 (1975), lv den 395 Mich 787 (1975), construed *identical policy language* as extending coverage only where the injury is "foreseeably identifiable with the normal use, maintenance and ownership of the vehicle." *Id.,* p 17. Accord: *Central Mutual Ins Co v Walter,* 143 Mich App 332, 335-336; 372 NW2d 542 (1985); *Shaw v Allstate Ins Co,* 141 Mich App 331, 333; 367 NW2d 388 (1985); *Thornton v Allstate Ins Co,* 135 Mich App 160, 164-165; 351 NW2d 910 (1984);

---

[1] See Prosser & Keeton, Torts (5th ed), pp 284-287.

*A & G Associates, Inc v Michigan Mutual Ins Co,*
110 Mich App 293, 296-297; 312 NW2d 235 (1981).

The *Kangas* Court rejected the same argument
advanced by appellant in the present case that
only a "but for" causal connection is required:

> Conceding, that the automobile was not the
> proximate cause of Byrnes' injuries, plaintiffs ar-
> gue that only a "but for" cause is required. But for
> the automobile, plaintiffs and the Giddises would
> not have been at the scene of the accident. But for
> the automobile, Byrnes would not have been asked
> if he wished a ride. But for the invitation to a ride,
> Byrnes and passenger Giddis would not have ar-
> gued with the resulting assault and battery on
> Byrnes. This remote type of causation was soundly
> rejected in *Richland Knox Mutual Ins Co v Kalley,*
> 376 F2d 360 (CA 6, 1967). [*Kangas, supra,* p 10.]

The *Kangas* Court held that under the foreseea-
bility test, intentional assaults are not foreseeably
identifiable with the normal use, maintenance or
ownership of a vehicle. In so ruling the Court
stated:

> Where the injury is the result of an assault or
> results from an action which has overtones of
> deliberateness, the courts have generally held that
> injury did not arise out of the ownership or use of
> the vehicle insured. This is true whether it is the
> assured himself who commits the act or whether it
> is passengers in his vehicle who inflict the injury.
> [*Kangas, supra,* p 9.]

In the instant case the stipulated facts clearly
disclose that Officer Elrich's injuries were the
result of Clemons' deliberate and intentional act of
resistance to arrest. Further, they did not occur
when Clemons was being unloaded from her in-
sured car. Instead, they occurred when she was

being loaded into a third-party vehicle (the police car) not covered in the policy of insurance. In short, while Clemons was "loaded," the injuries did not "arise out of . . . the loading or unloading" of the owned automobile. In our opinion, the policyholder's assault upon the arresting officer in the instant case was no more foreseeable than the policyholder's passengers' assault on the pedestrian in *Kangas.* Accordingly, we conclude the trial judge did not err in granting declaratory judgment for plaintiff in the instant case.

Affirmed.