AUTO-OWNERS INSURANCE COMPANY v CITIZENS
INSURANCE COMPANY OF AMERICA

Docket No. 124017. Submitted April 10, 1991, at Lansing. Decided
May 21, 1991, at 9:00 A.M. Leave to appeal sought.

   Auto-Owners Insurance Company brought an action in the Mid-
   land Circuit Court against Citizens Insurance Company of
   America, seeking to recover no-fault property protection insur-
   ance benefits to offset benefits it paid to its insureds under a
   property insurance contract after the insureds automobile re-
   pair garage was destroyed by a fire. The fire occurred when
   gasoline fumes from an automobile, insured by Citizens and
   being repaired in the garage, were ignited by the pilot light of
   a hot water heater. The court, Thomas A. Beale, J., granted
   Citizens' motion for summary disposition, finding that the fire
   did not arise out of the maintenance of the automobile. Auto-
   Owners appealed.

   The Court of Appeals *held:*

   There must be a close and direct connection between the
   maintenance a vehicle was undergoing and the source of igni-
   tion before it can be found that a fire arose out of the mainte-
   nance of the vehicle within the meaning of the no-fault act.
   The relationship between the maintenance and the damage
   must be more than incidental, fortuitous, or but for. There was
   no connection in this case between the hot water heater and
   the maintenance that the vehicle was undergoing.

   Affirmed.

*Peter C. Payette, P.C.* (by *Peter C. Payette*), for
the plaintiff.

*Francis & Wetmore, P.C.* (by *Floyd E. Wetmore*),
for the defendant.

Before: WEAVER, P.J., and MacKENZIE and
GRIBBS, JJ.

PER CURIAM. Auto-Owners Insurance Company

brought suit as the subrogee of its insureds to recover property protection insurance benefits from defendant, Citizens Insurance Company of America. Citizens moved for summary disposition under MCR 2.116(C)(8), which the trial court granted. Auto-Owners appeals as of right. We affirm.

Daniel Wilke brought his automobile into Coles Garage for maintenance. While the mechanics were draining the vehicle's fuel line, gasoline fumes were ignited by the pilot light of a nearby hot water heater. The fire spread to the vehicle and eventually destroyed the garage. Coles Garage recovered its damages from Auto-Owners under a property insurance contract. Auto-Owners then sought to recover from defendant, who insured Wilke's vehicle under a policy of no-fault automobile insurance, on the theory that the fire arose out of the maintenance of the automobile.

The relevant section of the no-fault act, MCL 500.3121(1); MSA 24.13121(1), provides:

> Under property protection insurance an insurer is liable to pay benefits for accidental damage to tangible property arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle . . . .

In a case with remarkably similar facts, where a vehicle's fuel was ignited by a hot water heater pilot light, this Court ruled that the accident did not arise out of the maintenance of the vehicle because there was no connection between the vehicle's being maintained and the source of ignition. *Central Mutual Ins Co v Walter,* 143 Mich App 332; 372 NW2d 542 (1985).

Auto-Owners attempts to distinguish this case by the fact that in *Walter* the Court noted that the

hot water heater was unrelated to the work of servicing automobiles, because its sole function was to supply hot water for the gas station bathrooms. As Auto-Owners points out, in this case the hot water was also used in some routine maintenance of automobiles to wash and flush automotive parts.

We do not consider this difference to be a decisive one. Although the water heater may be a tool used to furnish hot water for maintaining vehicles, in this case there was no connection between the hot water heater and the maintenance that this vehicle was undergoing.

Auto-Owners urges us to rule that there is a sufficient causal connection established between the maintenance and damage if the maintenance of a motor vehicle is one of the causes, even though there are other causes. *Buckeye Union Ins Co v Johnson,* 108 Mich App 46; 310 NW2d 268 (1981). We instead hold that there must be a close and direct connection between the maintenance the vehicle was undergoing and the source of ignition. *Walter, supra.*

We conclude that the relationship between the maintenance and the damage in this case failed to rise above the level of "incidental, fortuitous, or but for." *Michigan Mutual Ins Co v CNA Ins Cos,* 181 Mich App 376, 381; 448 NW2d 854 (1989).

We affirm the trial court's order granting defendant summary disposition.